# Coons, Appellant, *v.* Muhlenberg.

*Equity—Sale of land for lump sum—Deficiency in acreage in absence of deceit no ground for equitable relief.*

Defendant sold to plaintiff a tract of land, stating that he did not know the acreage and furnishing a description of the tract from his own deed, which described it as 213 acres more or less, in accordance with which description he conveyed it to plaintiff. It further appeared that plaintiffs were not injured, they having bought the land for timber and bark, of which they had had an estimate made before purchasing, though there was subsequently shown to be a shortage of 95 acres. It was

*Held,* That the case presented no ground for equitable relief.

Argued March 16, 1892. Appeal, No. 234, Jan. T., 1892, by plaintiffs, Giles M. Coons et al., from decree of C. P. Bradford Co., Sept. T., 1891, No. 1, dismissing bill filed against J. Cameron Muhlenberg et al. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

Bill praying that a purchase money mortgage be satisfied, and that vendor refund to vendee such sum as shall be equitable on account of deficiency in tract of land conveyed.

The facts found by the master, H. F. Maynard, Esq., are summarized in the opinion of the Supreme Court.

The master recommended a decree dismissing the bill and exceptions to this report were dismissed by the court, PECK, P. J., no opinion being filed.

*Errors assigned* were (1–12) dismissal of exceptions to master's report, quoting them.

*Delos Rockwell,* of *Rockwell & Mitchell, Elsbree & Williams* with him, for appellants.

*W. T. Davies,* of *Davies & Hall,* for appellees.

PER CURIAM, March 28, 1892:

There is no merit in this case. It is true the tract of land in question did not contain the number of acres the vendor

supposed it to contain. But he sold it for a lump sum and not by the acre. He practiced no deceit, and made no misrepresentation as to the number of acres. On the contrary, his letter of Dec. 29, 1882, to the plaintiff, expressly states that he does not know the quantity of land, and he furnishes him with a description thereof by metes and bounds as contained in his deed. The said deed described the tract as containing 213 acres, more or less. He then states : " I named the price, viz. : $4,000, that the tract must bring me, regardless of the number of acres it contains, and if you desire it at that price you can have it, but would just as soon hold it."

Nor does it appear that the plaintiffs were injured by the admitted shortage. They bought it for the timber and bark and not for the land itself. Before purchasing, they had an estimate made of the timber and bark, and the case shows that they obtained from the tract the full amount of the estimate.

The decree is affirmed, and the appeal dismissed at the costs of the appellants.